CAUSE NO. 09-13-00071-CR

Timothy Baldwin
. Vs.
The State of TEXAS

WR-78,752-02

In the 260th District Court for Orange County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 24 2015
Abel Acosta, Clerk

## Motion For PDR

To Honorable Judge of said Court. Comes Now, Timothy Baldwin, Pro se Pototioner, here by moves the Honorable Court to Grant above styled motion in cited Cause number.

## Reasons

1.) Bradey Act. They didn't present the DNA Testing resultes they done on the alleged victim under clothes. On the sane nurse report said she had a yellowish stain in them. Which Could have proven to the Court that it was Not My DNA. And that I was INNocent of the charges brought to the said above Court.

2.) Law & MeDICINE: "Vagina and "Femal sexual organ" are not Synonymous for purpoes of Aggraveted sexual assault. "Vagnia" refer specifically to the genital canal from the uterus to the vulva; "Female sexual organ" is a more general term that refers to the entire female genitalia, including both the Vagina and the vulva. Everage v. State, 848 S.W. 2d 357 (Tex. App - Austin 1993, No pet.). See also Steadmen v. State, 280 S.W. 3d. 242 (Tex. Crim. App. 2009) for a discussion of what Constitutes "Penetration". In the Sane Nurse report it says that there is "No" abrasition in or outside of the female sexual organ. And No scaring on the Hylic either.

C.C.

3. INeffective Assistance of Counsel:

a.) My Counsel did not investigate my case. But in; United States v. Mooney, 497 F.3d 397,404 (4th Cir. 2007), Nelson v. Hargett, 989 F.2d 847,850 (5th Cir. 1993), Rickman v. Bell, 131 F.3d 1150,1157 (6th Cir. 1997), United States ex rel. Cross v. De Robertis, 811 F.2d 1008, 1016 (7th Cir. 1987), United States v. Barbour, 813 F.2d 1232,1234 (D.C. Cir. 1987), Gaines v. Hopper, 575 F.2d 1147 (5th Cir. 1978). And if he would have I would have been found "NoT Guilty".

b.) If my Counsel would have investigate for the child's propensity for lying, and credibility of alleged victim, and lack of physical evidence and absence of corroboration of Victim story, and for failing to rely on exception to the rape shield law permitting introduction of evidence showing victim was Not sexually assaulted; Barkell v. Crouse, 468 F.3d 684 (10th Cir 2006), Johnson v. Baldwin, 114 F.3d 835 (9th Cir. 1997), Holsomback v. White, 133 F.3d 1382 (11th Cir. 1998), Gersten v. Senkowski, 426 F.3d 588 (2d Cir. 2005), Shaw v. United States, 24 F.3d 1040 (8th Cir. 1994). If he would have done that. I would have been aqquited of the charges.

C.C....

**Prayer For Relief:**

 Wherefore, permises, considered, Convicted person "Prays" that this Court will Grant his Pro Se Motion for PDR, And grant him his aqquitel of these charges or for New Trail.

 Respectfully Submitted: Timothy Q. Baldwin #1821248

 <u>Certificate of Service:</u>

ON this: 11 day of: September 2015, a true\correct copy of the foregoing instruments was deposited in U.S. Mail.

 Mailed to: Court Of Appeals
 Ninth District
 1001 Pearl St., Suiete 330
 Beaumont, Texas 77701

C.C...

# UNSWORN DECLARATION BY INMATE

I, Timothy Q. Baldwin, TDCJ# 1821248. Being presently incarcerated in the Texas Department Criminal Justice, Huntsville, Texas declares under Penalty of Perjury that the foregoing instruments is true and Correct.

Signed on this the 11 day of September 2015

_Timothy Q. Baldwin_
Defendant

C.C. ---

# Order

ON this the _____ day _____, 20___, came on to be heard Defendant's Motion for PDR and said Motion is hereby:

( ) Granted        ( ) DENIED

Signed this the ____ day of _____, 20___.


_____
Honorable Judge Presiding

C.C. . . .